UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KEITA M. JAMES-IRVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-1961 (RBW) |
| | ) | |
| RADRIC DAVIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Keita M. James-Irvin, the pro se plaintiff in this civil lawsuit, filed her Complaint on May 11, 2023, in the Superior Court of the District of Columbia. See Complaint ("Compl.") at 2, ECF No. 1-1. On July 7, 2023, the following defendants timely removed the case to this Court: (1) the United States of America ("United States"); (2) Joseph R. Biden, in his official capacity as President of the United States; (3) Lloyd J. Austin III, in his official capacity as Secretary of Defense; (4) the Centers for Disease Control and Prevention ("CDC"); (5) Rochelle Walensky, in her official capacity as Director of the CDC; (6) William J. Burns, in his official capacity as Director of the Central Intelligence Agency; (7) Dr. Anthony S. Fauci, in his official capacity as the former Director of the National Institute of Allergy and Infectious Diseases; (8) Joseph R. Bonavolonta, in his official capacity as Special Agent in Charge of the Boston Field Office of the Federal Bureau of Investigation; (9) Kamala Harris, in her official capacity as Vice President of the United States; (10) Barack Obama, in his official capacity as former President of the United States of America; (11) Jon Ossoff, in his official capacity as a United States Senator; (12) Nancy Pelosi, in her official capacity as a United States Congresswoman; and (13) Raphael Warnock, in his official capacity as a United States Senator (collectively the "federal

defendants"). See Notice of Removal of a Civil Action ("Notice of Removal") at 2-3, ECF No. 1. Pursuant to Federal Rule of Civil Procedure 4(m), the plaintiff was required to serve the defendants with a summons and a copy of the Complaint by October 5, 2023, Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint . . . [and t]he plaintiff is responsible for having the summons and complaint served [on the defendant] within the time allowed by Rule 4(m)[.]"); see Fed. R. Civ. P. 4(m) (requiring a plaintiff to perfect service on a defendant "within 90 days after the complaint is filed") — i.e., within 90 days of removal to this Court. Mohammed v. Cooper, No. 23-cv-1475 (ACR), 2023 WL 4547995, at *2 (D.D.C. July 14, 2023) ("When service is not made or is defective before removal, a plaintiff must effectuate proper service within 90 days of the removal."). Furthermore, the plaintiff has the burden of proving to the Court that service was made. See Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court[, and e]xcept for service by a United States marshal or deputy marshal, proof must be by the server's affidavit."). The deadline for service has since passed, yet no proof of service has been filed with the Court as to the federal defendants or any of the other named defendants.

    Rule 4(m) provides that "if [a] plaintiff shows good cause for the failure" to effect service, then "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m) (emphasis added). The Court, therefore, will require the plaintiff to show cause in writing why the Court should grant her an extension to perfect service of a summons and a copy of the Complaint on the above-named defendant. If the plaintiff does not respond in a timely manner to this order, the Court may dismiss her Complaint for failure to prosecute this case. See id. (authorizing the Court, "on its own after notice to the plaintiff[, to] dismiss the action without prejudice against" a defendant that has not been timely served pursuant to this rule).

Accordingly, it is hereby

**ORDERED** that the plaintiff shall show cause in writing on or before November 1, 2023, why the Court should grant her an extension to perfect service of process on all the defendants named in this case. It is further

**ORDERED** that the Clerk of the Court shall forthwith mail a copy of this Order to the plaintiff's address on record.

**SO ORDERED** this 10th day of October, 2023.

REGGIE B. WALTON  
United States District Judge